Allen, J.
This case arises upon the same facts as the case of Reutener v. City of Cleveland, ante, 117, this day decided. The plaintiff in error, however, attacks the amendment enacted to the home-rule charter of Cleveland in the election of November, 1921, upon grounds different from those set up in the Reutener case.
The plaintiff in error claims that the new amendment is invalid:
(1) Because it conflicts with Section 18, Article I, and with Sections 1 and 26, Article II, of t^e Constitution of Ohio.
*146 (2) Because it conflicts with Sections 1, 2, 3, 4, 5, 6, 7, 8 and 9 of Article IV of Section 3515-1 of the General Code of Ohio (103 O. L., 771).
(3) Because it conflicts with Section 4507, General Code.
(4) Because it conflicts with certain other statutes of Ohio (not specifically set forth) relating to the nomination, election and counting of ballots for candidates.
(5) Because it establishes and authorizes (the doing of things not authorized by the statutes of Ohio.
('6) Because it conflicts with Section 1 of the 14th Amendment and Sections 3 and 4 of Article IV of the Constitution of the United States.
We shall consider these numerous grounds of objection in their order, taking up first the contention that the amendment violates the state constitution.
Section 18, Article I, and Sections 1 and 26, Article II, of the Ohio Constitution, read as follows:
.Section 18, Article I. “No power of suspending laws shall ever be exercised, except by the general assembly.”
Section 1, Article II. “The legislative power of the state shall be vested in a general assembly consisting of a senate and house of representatives but the people reserve to themselves the power to propose to the general assembly laws and amendments to the constitution, and to adopt or reject the same at the polls on a referendum vote as hereinafter provided. They also reserve the power to adopt or reject any law, section of any law or any item in any law appropriating money passed by the general as *147 sembly, except as hereinafter provided, and independent of the general assembly to propose amendments to the constitution and to adopt or reject the same at the polls. The limitations expressed in the constitution, on the power of the general assembly to enact laws, shall be deemed limitations on the power of the people to enact laws. ■
“The people also reserve to themselves the legislative power of the referendum on the action of the general assembly ratifying any proposed amendment to the constitution of the United States.
“No such ratification shall go into effect until ninety days after it shall have been adopted by the general assembly. When a petition signed by six percentum of the electors of the state as is provided for a referendum petition on laws passed by the general assembly shall have been filed with the secretary of state within ninety days after said ratification by the general assembly, ordering that such ratification be submitted to the electors of the state for their approval or rejection, the secretary of state shall submit to the electors of the state for their approval or rejection said ratification in the manner provided for the submission by referendum of a law passed by the general assembly, and said action of .the general assembly ratifying said amendment to the constitution of the United States shall not go into effect until and unless approved by a majority of those voting upon the same. All the provisions of this article on the subject of the referendum upon laws passed by the general assembly shall apply hereto, so far as the same are applicable, except that the general assembly may not declare its ratification of a proposed *148 amendment to the constitution of the United States as an emergency not subject to the referendum.”
Section 26, Article II. “All laws, of a general nature, shall have a uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the general assembly, except, as otherwise provided in this constitution. ’ ’
The objection that the amendment conflicts with the above sections of the Ohio constitution, is unsound because the enactment of charter amendments by a home-rule city is not a suspension of law. Neither does the enactment of such an amendment constitute an exercise of the legislative power of the state, nor, since it applies to the city of Cleveland only, does it constitute an enactment of law of a general nature. Kelley v. State, 6 Ohio St., 270, page 272.
None of the above constitutional provisions, therefore, apply in the instant case, and none of them are violated by the enactment of the amendment in question.
The question next arises whether the amendment conflicts with the state statutes named by plaintiff in error, and is invalid for that reason.
Sections 1, 2, 3, 4, 5, 6, 7, 8 and 9 of Article TV of Section 3515-1 of the General Code of Ohio are a part of the act providing optional plans of government for cities (103 O. L., 771), and permitting the adoption thereof by popular vote, in accordance with Section 2, Article XVIII of the Ohio Constitution.
These particular sections outline a so-called city manager plan, and prescribe the size, term and vacancies of council, details as to.council meetings, the *149 signing of ordinances, the powers of council, appointment of administrative officers, the creation and discontinuance of offices, and the appointment and duties of a city manager.
Section 4507, General Code, provides for the appointment of the board of trustees of the sinking fund of each municipality.
The other statutes of Ohio not specifically set forth, which plaintiff claims are violated by the adoption of this amendment, relate to the nomination, election and counting of ballots for candidates in municipalities.
With regard to plaintiff in error’s objection to the present amendment on the ground that it contravenes the statutes above quoted, if the amendment conflicts with these general laws the charter provision prevails, under the rule laid down by this court in Fitzgerald et al., Board of Deputy State Supervisors, etc., v. Cleveland, 88 Ohio St., 238; State, ex rel. Lents, v. Edwards, 90 Ohio St., 305; Billings v. Cleveland Ry. Co., 92 Ohio St., 478; State, ex rel. Taylor, v. French, 96 Ohio St., 172, and State, ex rel. Cist, v. City of Cincinnati, 101 Ohio St., 354. Upon the question of the sinking fund, State, ex rel. Hile, v. Baker, 92 Ohio St., 506, is a specific authority in favor of the amendment.
The plaintiff in error also claims that the amendment is invalid because it establishes and authorizes the doing of things not authorized by the statutes of Ohio. This objection also is not tenable under the plain meaning of the home-rule amendment, which vests municipalities with all powers of local self-government, that is, with the power to do acts not authorized by the statutes of Ohio so long as those *150 acts come within the domain of local self-government.
The federal phase of the question next arises.
Plaintiff in error attacks the amendment upon the ground that it denies to the citizens of Cleveland a republican form of government; that it erects within the state of Ohio a new state; and also upon the ground that it denies the equal protection of the laws guaranteed under the 14th Amendment to the Federal Constitution.
Does the amendment deny to the citizens of Cleveland a republican form of government?
Section 4, Article IV of the United States Constitution, reads as follows:
‘ ‘ The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the legislature can not be convened) against domestic Violence.”
If a republican form of government be defined as that form of government under which the people act through their chosen representatives (Cooley, Principles of Constitutional Law, Chapter XI), it is’ difficult to perceive how the city manager plan violates the principles of the republican form of government. Under the city manager plan, the people of the city of Cleveland will act through their chosen representatives, that is to say, through councihnen chosen by the people, at elections.
If the republican form of government be defined, as by Lincoln, as a form of government of the people, for the people, and by the people, it is difficult to see how this amendment can be attacked; for it estab *151 lish.es a form of government by express vote of the ; people, in which the people are by vote to control the/ government for their own purposes.
If any further question were raised by this ob-¡¡ jection, it is settled by the principle that the ques-jj tion whether a state has a republican form of government is political and not judicial. The last utterance of the supreme court of the United States upon that point is to be found in Pacific States Telephone & Telegraph Co. v. Oregon, 223 U. S., 118. In that case the defendant contested the legality of legislation enacted under the initiative and referendum, on the ground that the initiative and referendum deprived the state of a republican form of government. The court holds:
“As the issues presented, in their very essence, are, and have long since by this court been, definitely determined to be political and governmental, and embraced within the scope of the powers conferred upon Congress, and not therefore within the reach of judicial power, it follows that the case presented is not within our jurisdiction, and the writ of error must therefore be, and it is, dismissed for want of jurisdiction. ’ ’
In the case of Kiernan v. Portland, 57 Ore., 454, the supreme court of Oregon held that the granting of municipal home rule to cities did not deprive the state of a republican form of government in violation of Section 4, Article IV of the Constitution of the United States.
In Walker v. City of Spokane, 62 Wash., 312, 113 Pac. Rep., 775, the supreme Court of Washington held that Section 4, Article IV of the Constitution of the United States, applies only to state govem *152 ments, and not to minor governmental subdivisions, suob as incorporated cities.
These authorities are decisive against plaintiff in error upon this point.
Does the amendment enacted erect a new state, and is it therefore invalid under Section 3, Article IV of the Federal Constitution? This section reads as follows:
“New states may be admitted by the Congress into this Union; but no new State shall be formed or erected within the Jurisdiction of any other State; nor any State be formed by the Junction of two or more States, or Parts of States, without the Consent of the Legislatures of the States concerned as well as of the Congrsss.”
How can it be said in this case that a state has been erected in the city of Cleveland? The state law is still in force in Cleveland, and where legislative statutes in Cleveland give way to charter provisions and to municipal ordinances they give way under the highest form of state law, under the provisions of the constitution of the state of Ohio as enacted by the people.
This amendment, therefore, does not violate Section 3 of Article IV of the United States Constitution.
Plaintiff in error also contends that the amendment violates the federal constitution in that it deprives the citizens of the equal protection of the laws, contrary to Section 1 of the 14th Amendment to the United States Constitution.
The meaning of this section of the 14th Amendment, however, is not that every municipality of the state must have the same charter, for never has such *153 a condition existed in any state. Under onr first constitution practically all municipalities were incorporated under special laws, and jhad various forms and powers, and even under our present constitution, before the adoption of the home-rule amendment, we had cities and villages. No one would seriously contend that such a classification resulted in depriving anyone in the state of the equal protection of the laws.
The law established by this amendment applies equally to every citizen of Cleveland, and hence cannot be said to deprive relator of the equal protection of the laws.
For these reasons the judgment is affirmed.
Judgment affirmed.
Marshall, C. J., Wanamaker, Jones, Matthias and Day, JJ., concur.
Robinson, J., dissents.